

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **TERESA J. SANTAMARIA** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:03CV339 (TH) |
| | § | JURY |
| **TODD INSURANCE AGENCY,** | § | |
| | § | |
| *Defendant.* | § | |

# ORDER OF DISMISSAL

Plaintiffs are responsible for serving the summons and complaint on all defendants no later than 120 days after suit is filed. *See* FED. R. CIV. P. 4(m). Courts have discretion to dismiss actions where there is no showing of good cause for a plaintiff's failure to timely serve defendant with notice of suit.

## I. FACTUAL & PROCEDURAL BACKGROUND

On December 30, 2003, plaintiff Teresa J. Santamaria filed suit alleging employment discrimination. *See Clerk's Docket No. 1.* Because there was no docket entry indicating that service of Todd Insurance was ever issued, waived or otherwise effected, the Court entered a *Show Cause Order* [Clerks' Docket No. 2] on March 23, 2005 directing plaintiff to serve defendant, file a notice of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(I) or show good cause for her failure to do so. Subsequent to entry of that order, no action appears to be have taken by plaintiff. As such, the Court has discretion to dismiss this case.

## II. LEGAL BACKGROUND

Courts have the authority to involuntarily dismiss actions with prejudice based upon both the FEDERAL RULES OF CIVIL PROCEDURE and the court's inherent power to manage their dockets.

Under FED. R. CIV. P. 41(b), a court may, either *sua sponte* or upon motion by the defendant, dismiss an action with prejudice for plaintiff's failure to prosecute, comply with the rules of procedure or obey court orders. Such a dismissal is appropriate where: (1) the failure to prosecute or comply with the rules or orders was the result of purposeful delay or contumacious conduct; and (2) the record reflects that the district court employed lesser sanctions before dismissing the action or the district court expressly determined that lesser sanctions would not prompt diligent prosecution. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *see also Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992). Prior to dismissing an action under Rule 41(b), courts should also consider the following so-called "aggravating factors:" (1) whether the dilatory conduct is attributable to the plaintiff himself, as opposed to his attorney; (2) whether the defendant will suffer actual prejudice; and (3) whether the conduct was intentional. *See Berry*, 975 F.2d at 1191.

Apart from Rule 41(b), federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed.2d 734 (1962). This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

Involuntary dismissal of a case is entrusted to the discretion of the trial court and will only be reversed for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed.2d 488 (1991).

### III.  FINDINGS

The Court **FINDS** that plaintiff has not been diligent in prosecuting her case.

The Court **FINDS** that plaintiff failed to comply with the rules regarding service of suit.

The Court **FINDS** that plaintiff disobeyed the court's orders directing plaintiff to serve defendant, file a notice of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(I) or show good cause for her failure to do so.

The Court **FINDS** that dismissal of plaintiff's case is the only effective sanction available given her failure to comply with the lesser sanction of conditional dismissal imposed by order dated March 23, 2005 [Clerk's Docket No. 2].

The Court **FINDS** that dismissal of plaintiff's case serves the public interest in the expeditious

resolution of litigation.

## IV.  ORDER

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to FED. R. CIV. P. 41(b) and this Court's inherent authority under Article III of the United States Constitution to manage its docket.

**IT IS FURTHER ORDERED** that the clerk is **DIRECTED** to close this file.

**SO ORDERED**.

**SIGNED** this the **18** day of **May, 2005.**

_____
Thad Heartfield
United States District Judge